**STATE of Missouri, Respondent,**

v.

**Donald STEWARD, Appellant.**

**No. WD 31602.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1981.

William Lopez, Independence, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., WASSERSTROM, C. J., and NUGENT, J.

MANFORD, Presiding Judge.

This is a direct appeal from a jury conviction for burglary, second degree and felonious stealing. Pursuant to the persistent offender statute, a sentence of seven years was imposed on each conviction. Execution of both sentences was suspended and appellant was placed on five years probation. The judgment is affirmed.

Three points are presented on appeal, which allege the trial court erred in (1) failing to grant a mistrial because of an alleged threat by respondent toward a witness for appellant; (2) in giving the verdict directing instruction on the offense of burglary because said instruction omitted a finding that appellant intentionally participated in the crime of robbery and (3) in giving the verdict directing instruction on the offense of felonious stealing because said instruction omitted a finding that appellant intentionally participated in the crime of felonious assault.

The sufficiency of the evidence is not challenged, and a summary of the pertinent facts suffices. During the mid-morning hours of February 15, 1979, an apartment on East 33rd Street was burglarized. Several items of personal property were stolen. About noon the same day, appellant and one Louis Anthony were stopped by the police as they walked along a public way near the location of the burglarized apartment. Appellant and Anthony had the sto-

len goods in their possession when stopped by the police. Appellant advised the police that the property was his and he was in the process of moving it to a new residence.

At the local police station, appellant could not identify the property and it was held by authorities for later possible identification. Later the same day, the owner of the property identified the property.

Upon trial of this cause, Louis Anthony appeared as a witness for appellant. Anthony testified that appellant did not know of the burglary, did not participate in the burglary, and that appellant did not know the property was stolen. Anthony further testified that he persuaded appellant to tell the police the property was his (appellant's) because he (Anthony) knew he was going to be arrested upon an outstanding traffic warrant and he did not want to lose the property to the police.

Anthony had previously pleaded guilty to a reduced charge of stealing, in lieu of charges of burglary and felonious stealing, before a local associate circuit judge. Anthony had completed his sentence on the lesser charge before the instant proceedings ever commenced.

On the morning of the second day of trial, counsel for respondent, out of the hearing of the jury, advised the court it was evident from appellant's opening statement that Louis Anthony would testify for appellant and he (Anthony) would admit to the burglary and stealing. Counsel further advised the court that the reduced charge of stealing was not a lesser and included offense of burglary, and that there existed a legal argument that Anthony might still be charged with burglary. Counsel expressed doubts that such a charge could be filed under the circumstances, but felt the court should be advised. The trial judge then summoned counsel who had represented Anthony in the earlier proceedings. This attorney was directed and did confer with Anthony concerning his rights. After Anthony was advised of his rights, but before it was known whether or not Anthony would testify, appellant's counsel objected to the actions of the prosecutor and moved for a mistrial. The motion was denied.

It is upon the foregoing that appellant predicates his first alleged error. Appellant argues that the actions of the prosecutor amounted to a veiled threat, and counsel for respondent had violated his duty to avoid an appearance of impropriety. Appellant concludes he was denied a constitutionally guaranteed right to a fair trial as a result of the foregoing events.

█ Respondent argues that appellant's objection was untimely and hence preserved nothing for review. The record dispels the merit of respondent's position. The record shows objection was made the mid-morning of the second trial date and although other witnesses had testified prior to making an objection, there still remained time for the trial judge to take remedial action if he deemed such was necessary.

The disposition of appellant's first point turns upon an analysis of the prosecutor's actions, and whether the trial court abused its discretion in refusing to grant a mistrial.

In the first instance, the prosecutor merely called to the court's attention a possible legal argument that Anthony could be subsequently charged again with burglary. The prosecutor evidenced belief that such action was neither possible nor likely. The record does not show any remarks made directly to or toward witness Anthony. The trial court then secured Anthony's counsel and Anthony was advised of his rights. Over and above all of this, Anthony elected to testify as expected on appellant's behalf. Anthony did testify that he, and not appellant, had committed the burglary and that appellant did not know the property was stolen.

The nature of the prosecutor's statement did not amount to any threat. In addition, Anthony did testify on appellant's behalf just as expected. The instant case is somewhat analogous to *State v. Richards*, 467 S.W.2d 33 (Mo.1971) where the court found no improper influence by the state. The witness in *Richards* had been jointly indicted with the accused, and the witness had previously pleaded guilty as an accessory.

The witness was produced and he was advised of his rights prior to his being permitted to testify. After being apprised of his rights, the witness declined to testify. In the instant case (in addition to the total lack of any showing of any threat against Anthony), appellant received the benefit of all exculpatory statements by Anthony on appellant's behalf and cannot be heard to complain of such benefit on this appeal.

■ The remaining issue is whether the trial court abused its discretion in denying a mistrial. Mistrial is a drastic remedy which should be granted only with great caution and wherein extraordinary circumstances warrant the granting of such. The propriety of invoking such a remedy lies within the discretion of the trial court, and such will not be set aside unless there is an abuse thereof, see *State v. Morgan*, 592 S.W.2d 796, 808 (Mo. banc 1980).

■ The prosecutor advised the court of a possible legal argument concerning the subsequent charge of burglary being filed against witness Anthony. The court, on its own initiative, undertook to protect the rights of witness Anthony. It cannot be said that the prosecutor's statement was tantamount to a threat, nor was it in any way an abuse of responsibility amounting to an avoidance of any appearance of impropriety.

The trial court insured Anthony of his rights. This action did not amount to any enhancement of threat or avoidance of appearance of impropriety.

Appellant was the benefactor of Anthony's testimony and in no way suffered any prejudice as a result of the trial court's action.

The trial court, being apprised of all the factors involved and then proceeding to insure Anthony's rights were protected, exercised sound discretion in the matter. It was not an abuse of discretion to have denied appellant's motion for a mistrial.

Point one is ruled against appellant.

Since points (2) and (3) present the same argument and merely deal with two separate verdict directing instructions, points (2)

and (3) are taken up and disposed of together.

Appellant argues that instructions Nos. 7 and 9 improperly deviate from MAI-CR 2.12 because, as submitted, the instructions omitted paragraphs three, four and five contained within MAI-CR 2.12. The questioned instructions read:

"INSTRUCTION NO. 7

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 15, 1979 in the County of Jackson, State of Missouri, Louis Anthony with the aid or attempted aid of defendant committed the offense of burglary in the second degree of the apartment of Terry Evans located at 210 East 33rd Street, Kansas City, Missouri, and

Second, that the defendant, either before or during the commission of the offense of burglary in the second degree with the purpose of promoting its commission, aided Louis Anthony in committing that offense,

Then you will find the defendant guilty under Count I of burglary in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count I of burglary in the second degree, you will assess and declare the punishment at:

1. Imprisonment in the division of corrections for a term of years fixed by you, but not less than two years and not to exceed seven years, or

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year."

"INSTRUCTION NO. 9

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 15, 1979 in the County of Jackson, State of Missouri, Louis Anthony with the aid or attempted aid of defendant committed the offense of stealing property in the possession of Terry Evans, and

Second, that the defendant, either before or during the commission of the offense of stealing with the purpose of promoting its commission, aided Louis Anthony in committing that offense, and

Third, that the property so appropriated had a combined value of at least one hundred and fifty dollars,

then you will find the defendant guilty under Count II of stealing without consent.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count II of stealing without consent, you will assess and declare the punishment at:

1. Imprisonment in the division of corrections for a term of years fixed by you, but not less than two years and not to exceed seven years, or

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year."

The omitted portion of MAI-CR 2.12 references a matter which may or should be either included or omitted, depending upon the facts of the particular case submitted.

Note 6 and Notes on Use, MAI-CR 2.12, submit that paragraphs three, four and five *must be included if the defendant is being charged with an offense committed by another person, but other than the original offense contemplated by defendant that he and the other person would commit.* Note 4 under MAI-CR 2.12 is referenced and provides an example of an offense other than the offense initially contemplated by the defendant, i. e., an assault committed by a person whom the defendant is aiding in the commission of a burglary.

Appellant argues that Instructions Nos. 7 and 9 (since they omit paragraphs three, four and five of MAI-CR 2.12) failed to require a factual finding of intent. A reading of said instructions dispels the merit of appellant's contention; and quite to the contrary, both instructions require a finding that appellant aided in the commission of the offense charged with the "purpose of promoting its commission." Such language comports with § 562.041, RSMo 1978 to describe the required intent for responsibility of the conduct of another.

The instant case, as the facts reveal, is not one where an offense other than the one initially contemplated was involved. Appellant simply overlooks this prerequisite necessary for the mandatory inclusion of paragraphs three, four and five under MAI-CR 2.12.

Instructions Nos. 7 and 9, under the facts of the instant case, were in all respects correct.

Points 2 and 3 are ruled against appellant.

For the reasons set forth herein, the judgment is in all respects affirmed.

All concur.